UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ROGELIO PEREZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:19-CV-317 |
| | § | |
| WELLS FARGO USA HOLDINGS, INC., | § | |
| *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

The Court now considers the motion to dismiss[1] filed by Wells Fargo USA Holdings,

Inc. ("Defendant").[2] Rogelio Perez ("Plaintiff") filed an untimely response.[3] The Court also

considers Plaintiff's motion to remand[4] and Defendant's response.[5] After duly considering the

record and relevant authorities, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendant's

motion.

### I.    BACKGROUND

This is a foreclosure case. Plaintiff executed a note and deed of trust held by Defendant

and secured against Plaintiff's property.[6] Plaintiff alleges he was able to make payments for over

14 years, but Plaintiff "stayed behind on a few payments . . . [and] Defendant[] refused to take

any late payments."[7] Yet, Plaintiff also alleges Defendant "established a course of dealing with

---

[1] Dkt. No. 5.

[2] Defendant argues Substitute Trustee, Arnold Mendoza ("Mendoza"), has been improperly joined. Dkt. No. 1 p. 2, ¶ 4.

[3] Dkt. No. 14.

[4] Dkt. No. 4.

[5] Dkt. No. 6.

[6] Dkt. No. 1-5 p. 3, ¶ C (the property is legally described as "Lot Nine (9), Pecan Vally [sic] Estate Unit 1, an Addition to the City of Donna, Hidalgo County, Texas, According to the Map or Plat Thereof Recorded in Volume 30, Page 187, in the Official Map Records of Hidalgo, County, Texas.").

[7] *Id.* at pp. 3–4, ¶ E.

Plaintiff of accepting said Plaintiff's late payments."[8] Plaintiff additionally alleges he never received a demand letter and that Defendant failed to provide Plaintiff the right to cure period as required under Texas law.[9] The property was set to be foreclosed on August 6, 2019.[10]

On August 5, 2019—one day before the scheduled foreclosure sale—Plaintiff filed a petition in state court.[11] Plaintiff sought, and was granted, a temporary restraining order to prevent the foreclosure sale.[12] On the facts alleged, Plaintiff brings claims based on waiver; presumably breach of contract based on Plaintiff's section titled "The Breach Letter"; violations of the Texas Property Code; and a violation of the Real Estate Settlement Procedures Act ("RESPA").[13] Plaintiff seeks damages, injunctive relief, and attorneys' fees.[14]

Defendant removed to federal court on the basis of both diversity and federal question jurisdiction,[15] and filed the instant motion to dismiss for failure to state a claim pursuant to

---

[8] *Id.* at p. 4, ¶ F.

[9] *Id.* ¶¶ H–I.

[10] *Id.* at p. 11. Plaintiff's original complaint states that Plaintiff's home was set to be foreclosed upon on February 6, 2018. *Id.* at p. 3, ¶ D. However, Plaintiff attaches an affidavit in which Plaintiff states that his home "will be foreclosed upon on August 6, 2019." *Id.* at p. 11. This conforms with Plaintiff's timeline, as Plaintiff filed its original complaint in state court on August 5, 2019, one day prior to the anticipated foreclosure. *See* Dkt. No. 1-5.

[11] *See* Dkt. No. 1-5.

[12] Dkt. No. 1-4 p. 2 (temporary restraining order entered on August 5, 2019).

[13] *Id.* at pp. 5–7. Plaintiff does not explicitly allege violations RESPA. However, Plaintiff titles his claim "Pre-Foreclosure Loss Mitigation Review Period" and states "Under the Federal Consumer Financial Protection Bureau servicing rules that went into effect January 10, 2014, the mortgage servicer must wait until Plaintiff are more than 120 days delinquent on payments before making the first official notice of filing for any nonjudicial or judicial foreclosure." As Defendant correctly points out in its notice of removal, the claims brought under the heading "Pre-Foreclosure Loss Mitigation Review" are clearly in reference to the Consumer Financial Protection Bureau loss mitigation procedures set forth in 12 C.F.R. § 1024.39–1024.41, which implement RESPA. Section 1024.41(f) provides that:

> (f) Prohibition on foreclosure referral—
>     (1) Pre-foreclosure review period. A servicer shall not make the first notice or filing
>     required by applicable law for any judicial or non-judicial foreclosure process unless:
>         (i) A borrower's mortgage loan obligation is more than 120 days delinquent . . .

Thus, the Court will construe Plaintiff's "Pre-Foreclosure Loss Mitigation Review Period" claim as an allegation that Defendant violated Section 1024.41(f) of RESPA.

[14] *Id.* at pp. 8–9.

[15] Dkt. No. 1 pp. 2–3, ¶¶ 6–7.

Federal Rule of Civil Procedure ("Rule") 12(b)(6).[16] Plaintiff failed to respond within 21 days, rendering the motion unopposed under the operation of Local Rules.[17] Moreover, Plaintiff filed the instant motion for remand,[18] to which Defendant responded.[19] The Court now turns to its analysis and begins with Plaintiff's motion to remand because the Court's analysis could determine whether it has jurisdiction over Defendant's motion to dismiss.

## II. DISCUSSION

### a. Plaintiff's Motion to Remand

Plaintiff argues remand is proper because "[t]here are several Defendants and all will be served"; "[t]he lawsuit does not involve a federal question"; "[t]he parties are not divers[e]"; and "[t]he amount in controversy is less than $75,000, excluding interest and costs."[20] Defendant argues that the Court has federal question jurisdiction over Plaintiff's RESPA claims and supplemental jurisdiction over Plaintiff's remaining Texas law claims.[21] Defendant also argues removal is proper because the Court has diversity jurisdiction over the case, as Mendoza's "citizenship should be disregarded for diversity purposes because he was improperly joined to this lawsuit."[22]

Importantly, objections to a court's subject-matter jurisdiction may be raised at any time. The party asserting federal jurisdiction bears the burden of demonstrating proper jurisdiction. The Court must resolve all doubts regarding whether removal jurisdiction is proper in favor of

---

[16] Dkt. No. 5.
[17] *See* L.R. 7.2–7.4 of the Local Rules of the Southern District of Texas (a motion is deemed unopposed if the non-movant does not respond within twenty-one days). Defendant filed its motion to dismiss on September 12, 2019. Dkt. No. 5. Plaintiff filed his response on October 29, 2019, forty-seven days after Defendant filed its motion. Defendant filed a "Notice of No Response" on October 4, 2019, noting that Plaintiff had yet to respond to the motion to dismiss. Dkt. No. 10.
[18] Dkt. No. 4.
[19] Dkt. No. 6.
[20] Dkt. No. 4 pp. 1–2.
[21] *See generally* Dkt. No. 6; *see also* Dkt. No. 1 pp. 3–5.
[22] Dkt. No. 6 pp. 5–6, ¶ 1.

remand. Because the parties raise different jurisdictional bases for remand and removal, the Court discusses each jurisdictional basis in turn. The Court finds removal proper here.

### i. Federal Question Jurisdiction

District courts have federal-question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."[23] A case "arises under" federal law where federal law creates the cause of action asserted, and in some cases where a federal issue in a state-law claim is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."[24] The federal issue is not "necessarily raised" where state law provides an alternative ground for recovery.[25]

"[A] determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint."[26] Under the "well-pleaded complaint rule," even where a plaintiff "artfully avoid[s] any suggestion of a federal issue, removal is not defeated by the plaintiff's pleading skills in hiding [a] federal question."[27] A plaintiff, as master of his suit, decides whether to present a federal claim, and if a plaintiff does not present a federal claim even where one is potentially available, removal from state to federal court is improper.[28] Because "a defendant may remove a case only if the claim could have been brought in federal

---

[23] 28 U.S.C. § 1331.

[24] *PlainsCapital Bank v. Rogers*, 715 F. App'x 325, 328 (5th Cir. 2017); *Gunn v. Minton*, 568 U.S. 251, 257–58 (2013); *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) ("[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).

[25] *PlainsCapital Bank*, 715 F. App'x at 330 (collecting cases); *see Willy*, 855 F.2d at 1170–71.

[26] *Roland v. Green*, 675 F.3d 503, 520 (5th Cir. 2012), *aff'd sub nom. Chadbourne & Parke LLP v. Troice*, 571 U.S. 377 (2014) (quoting *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001)).

[27] *Roland*, 675 F.3d at 520 (quoting *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008)).

[28] *Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913); *Goffney v. Bank of Am., N.A.*, 897 F. Supp. 2d 520, 524 (S.D. Tex. 2012).

court . . . the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'"[29]

Here, Defendant has properly removed the action and this Court has federal question jurisdiction over Plaintiff's RESPA claim. While Plaintiff's complaint does not explicitly cite to RESPA, his "Pre-Foreclosure Loss Mitigation Review Period" claim satisfies the "well-pleaded complaint rule" because it utilizes the language of RESPA, nearly verbatim. Courts have routinely held that allegations of violations of RESPA give rise to federal question jurisdiction.[30] As previously explained to Plaintiff's counsel in another case involving the same form petition,[31] this language raises a federal question. The Court will now consider whether it has supplemental jurisdiction over Plaintiff's state law claims.

## ii. Supplemental Jurisdiction

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[32] The question asked when determining whether the supplemental claims are sufficiently related is whether they "derive from a common nucleus of operative fact."[33]

---

[29] *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

[30] *See Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x 833, 834 (5th Cir. 2014) (affirming the lower court's decision, which reviewed the plaintiff's RESPA claims on the basis of federal question jurisdiction); *Rodriguez v. Quicken Loans, Inc.*, 257 F. Supp. 3d 840, 843 (S.D. Tex. 2017) (considering a RESPA case removed on the basis of federal question jurisdiction); *Fitch v. Wells Fargo Bank, N.A.*, 423 B.R. 630, 636 (E.D. La. 2010) (holding that the court had federal question jurisdiction over the plaintiff's RESPA claims and supplemental jurisdiction over the state law claims).

[31] *See* Case 7:18-cv-00163, *Gonzales v. Nationstar Mortgage LLC*, Dkt. No. 16 (where this Court denied Plaintiff's motion to remand and held that the Court had federal question jurisdiction over Plaintiff's RESPA claim and supplemental jurisdiction over the remaining state law claims).

[32] 28 U.S.C. § 1367(a).

[33] *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

Plaintiff's Texas law claims concern the same foreclosure alleged in his RESPA claim, therefore Defendant is correct in its assertion that in the absence of diversity jurisdiction, this Court has supplemental jurisdiction over the remaining state law claims. Again, the Court has made this clear to Plaintiff's counsel in a similar case involving the same form petition.[34]

Defendant has met its burden of demonstrating that removal was proper. Nonetheless, the Court will consider whether the Court has diversity jurisdiction over this matter.

### iii. Diversity Jurisdiction

The Court does not have subject matter jurisdiction under 28 U.S.C. § 1332 unless the parties are completely diverse and the amount in controversy exceeds $75,000.[35] Failure to satisfy the diversity requirement is fatal to subject matter jurisdiction and, therefore, to a successful removal by Defendant. "Absent diversity of citizenship, federal question jurisdiction is required."[36]

Here, Plaintiff's original petition references an executed promissory note in the amount of $191,190.00.[37] Further, Defendant's notice of removal states the property at issue has an approximate value of $ $230,981.00, as supported by the Hidalgo County Appraisal District.[38] The approximate value of the property according to the Hidalgo County Appraisal District records is sufficient to satisfy the amount in controversy requirement for diversity jurisdiction. Similarly, while the entire amount of the note may not be the amount in controversy, the Fifth Circuit has held that when "a right to property is called into question in its entirety, the value of

---

[34] *See* Case 7:18-cv-00163, *Gonzales v. Nationstar Mortgage LLC*, Dkt. No. 16 (where this Court denied Plaintiff's motion to remand and held that the Court had federal question jurisdiction over Plaintiff's RESPA claim and supplemental jurisdiction over the remaining state law claims).
[35] 28 U.S.C. § 1332(a).
[36] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).
[37] Dkt. No. 1-5 p. 3, IV(A).
[38] Dkt. No. 1 p. 11, ¶ 26 (citing to Dkt. No. 1-7 p. 2 (Hidalgo County Appraisal District documentation)).

the property controls the amount in controversy."[39] Thus, although the note amount may not reflect the value of the property precisely, it is also sufficient to satisfy the amount in controversy requirement for diversity jurisdiction.

As to the diversity of citizenship requirement, Plaintiff is a citizen of Texas and Defendant is a citizen of New Jersey and Iowa.[40] Thus, whether Mendoza, the Substitute Trustee, is properly joined affects diversity jurisdiction here. Plaintiff inconsistently argues "[the parties are not divers[e] . . . Several Defendants are citizens of Texas. Even though the parties are divers[e] several Defendants are local Defendants and citizens of this state, where the State suit was filed."[41] Defendant argues that Mendoza's "citizenship should be disregarded for diversity purposes because he was improperly joined to this lawsuit."[42] The Court finds Mendoza is an improperly joined nominal party.[43]

The citizenship of a non-diverse party is properly ignored for jurisdiction purposes if the claims against him/her cannot withstand Rule 12(b)(6) scrutiny.[44] As previously explained to Plaintiff's counsel in other cases involving the same form petition,[45] Plaintiff's claims against Mendoza cannot withstand Rule 12(b)(6) scrutiny because Plaintiff fails to sufficiently allege a

---

[39] *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961).

[40] *See* Dkt. No. 1 p. 3, ¶ 10.

[41] Dkt. No. 4 pp. 1–2, ¶ 3(b).

[42] Dkt. No. 6 pp. 5–6, ¶ 1.

[43] *Lassberg v. Bank of Am., N.A.*, 660 F. App'x 262, 266 (5th Cir. 2016) (citing *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) ("[T]he presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity.")); *Lassberg*, 660 F. App'x at 266 (citing *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) ("A party to a complaint is 'nominal' and thus disregarded for diversity purposes if 'in the absence of [that party], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff.'")); *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568 (5th Cir. 2004).

[44] *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 204 (5th Cir. 2016).

[45] *See* Case 7:18-cv-00109, *Rodriguez et. al. v. Wells Fargo Bank, N.A., et. al.*, Dkt. No. 13 (where this Court denied Plaintiff's motion to remand and held complete diversity existed because the Substitute Trustee, the only non-diverse party, was improperly joined); *see also* Case No. 7:19-CV-00076, *Abril A. Flores del Campo v. U.S. Bank National Association*, Dkt. No. 7 (where this Court again denied Plaintiff's motion to remand and held complete diversity existed because the Substitute Trustee, the only non-diverse party, was improperly joined).

claim against the Substitute Trustee. Thus, the Court **DISMISSES WITHOUT PREJUDICE** Mendoza from this action.

Thus, diversity jurisdiction is met. The Court **DENIES** Plaintiff's motion to remand. Ultimately, Defendant meets its burden to show this Court has jurisdiction over this matter. The Court turns to its analysis of Defendant's motion to dismiss for failure to state a claim.

### b. Defendant's Motion to Dismiss

Defendant argues Plaintiff fails to state a claim upon which relief can be granted for each of Plaintiff's claims. Plaintiff filed an untimely response to this motion to dismiss, and thus, under the Local Rules, is unopposed to the dismissal of this action. Nonetheless, the Court agrees with Defendant.

### i. Legal Standard

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[46] Although this does not require extensive detail, the pleading must contain "more than labels and conclusions" and go beyond "a formulaic recitation of the elements."[47] The Court regards all well-pled facts as true; however conclusory allegations are not entitled to the same presumption of truth.[48] These well-pled facts are viewed in the light most favorable to the plaintiff.[49] The Court may dismiss a complaint if the complaint fails to state a claim upon which relief can be granted, or if the pleading does not assert enough facts to support a plausible claim for relief.[50]

---

[46] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007), cert. denied, 552 U.S. 1182 (2008)) (internal quotations omitted).
[47] *See Twombly*, 550 U.S. at 555.
[48] *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).
[49] *Id.*
[50] *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205.

As to any question of state law, this Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas.[51] Absent a decision by a state's highest tribunal, the decisions by Texas courts of appeals control "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[52]

### ii. Analysis

### A. Waiver

Defendant argues that Plaintiff's loan agreement contains a non-waiver provision, and therefore "acceptance of late payments by itself does not constitute a waiver of a [Defendant's] ] contractual right to proceed with foreclosure."[53] Plaintiff alleges "some payments were made late during the life of the note. Regardless of the late tender, [Defendant] has established a course of dealing with Plaintiff of accepting said Plaintiff's late payments."[54] The Court construes this as an allegation that Defendant waived its right to foreclose by accepting late payments. However, Plaintiff's complaint makes contradictory statements about whether Defendant accepted late payments. Plaintiff both alleges that Defendant "refused to take any late payment" and that Defendant "established a course of dealing . . . of accepting . . . late payments."[55] Regardless of their contradictory nature, these allegations are insufficient to establish waiver.

Waiver is not an independent cause of action in Texas.[56] Waiver is "defensive in nature" and operates to prevent the loss of existing rights and not to create liability where it does not

---

[51] *See Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 675 (5th Cir. 1989); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (U.S. 1938).

[52] *Exxon Co. U.S.A, Div. of Exxon Corp.*, 889 F.2d at 675 (quoting *West v. AT&T*, 311 U.S. 223, 237 (1940)) (internal quotation marks omitted).

[53] Dkt. No. 1-5 pp. 9–10, ¶¶ 17–18.

[54] *Id.* at p. 4, ¶ F.

[55] *Id.* at pp. 3–4, ¶¶ E–F.

[56] *See e.g., Manriquez v. Wells Fargo Bank, N.A.*, No. 7:16-CV-00126, 2017 U.S. Dist. LEXIS 111538 at *6 (S.D. Tex. Mar. 16, 2017); *Franklin v. BAC Home Loans Servicing, LP*, 3:10-CV-1174-M, 2012 WL 2679496, at *12 (N.D. Tex. June 6, 2012), report and recommendation adopted, 3:10-CV-1174-M, 2012 WL 2688809 (N.D. Tex.

otherwise exist.[57] Even assuming, *arguendo*, that waiver is an independent cause of action, in order to establish waiver, the conduct of the mortgagor as a whole must be inconsistent with the right to foreclose.[58] The elements of waiver include (1) an existing right held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right.[59] In this analysis, the essential element of establishing waiver is clear intent to relinquish the right.[60] The Fifth Circuit has noted: "Texas courts have also made clear that a lienholder does not waive the right to foreclose merely by delaying foreclosure, entering into modification negotiations, or otherwise exercising forbearance without additional conduct inconsistent with the right to foreclose."[61]

Here, Plaintiff makes no allegation to show that Defendant intended to relinquish its right to foreclose. Even taking Plaintiff's contradictory statements in the light most favorable to Plaintiff, mere acceptance of late payments is not inconsistent with Defendant maintaining its right to foreclose. Indeed, Defendant's current foreclosure attempt indicates Defendant wished to maintain its right to foreclose.

Thus, even assuming Defendant accepted late payments, Plaintiff fails to put forth a cognizable claim. Waiver is not an independent cause of action, and in any case, Defendant did not waive its foreclosure right. Thus, the waiver claim is **DISMISSED WITH PREJUDICE**.

## B. Breach Letter

---

July 5, 2012) (citing *Thomas v. Compass Bank*, 2002 WL 1340333, at *4 (Tex.App.-Houston [1st Dist.] June 20, 2002, no pet.)).

[57] *Hruska v. First State Bank of Deanville*, 747 S.W.2d 783, 785 (Tex. 1988).

[58] *See Watson v. CitiMortgage, Inc.*, No. 12-41009, 2013 WL 2468035 at *2 (5th Cir. June 10, 2013) ("Texas courts have [] made it clear that a lienholder does not waive the right to foreclose merely by delaying foreclosure, entering into modification negotiations, or otherwise exercising forbearance without additional conduct inconsistent with the right to foreclose.").

[59] *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008).

[60] *Manriquez*, No. 7:16-CV-00126, 2017 WL 1397137, at *7 (citing *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003)).

[61] *Watson v. CitiMortgage, Inc.*, 530 F. App'x 322, 326 (5th Cir. 2013).

In a section titled "The Breach Letter," Plaintiff claims "Texas deeds of trust contain a clause that requires the lender to send notice, which is often called a breach or demand letter, informing Plaintiff[] that [his] loan is in default before it can accelerate the loan and proceed with foreclosure."[62] The Court construes this section as alleging a breach of contract claim. Defendant argues that, to the extent that Plaintiff intends this as a breach of contract claim, Plaintiff's allegations fail to satisfy the pleading standard under Texas law for such a claim.[63] Specifically, Defendant argues that Plaintiff "failed to (1) identify the provision of the contract breached, (2) demonstrate that he has performed under the contract, [or] (3) specify what damages he suffered and how those damages were caused by a breach of contract."[64] Defendant also argues that "Plaintiff cannot state a breach of contract claim where no foreclosure occurred because he has suffered no damages."[65] The Court agrees.

Plaintiff's complaint fails to allege facts supporting the elements of a breach of contract claim. A breach of contract claim has the following essential elements in Texas: "(1) the existence of a valid contract; (2) performance by plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by plaintiff as a result of the breach."[66]

Here, Plaintiff concedes he failed to perform under the terms of the contract (the second element) by failing to make the necessary payments, and for that reason alone his claim is not cognizable.[67] Plaintiff's complaint additionally fails to satisfy the third element. The Fifth Circuit has explained "a claim for breach of a note and deed of trust must identify the specific provision

---

[62] Dkt. No. 1-5 pp. 5–6.
[63] Dkt. No. 5 p. 5, FN 5.
[64] *Id.* (citing *Cruz v. JPMorgan Chase Bank, N.A.*, No. 7:18-CV-1, 2018 WL 689610, at *3 (S.D. Tex. Feb. 1, 2018)).
[65] *Id.*
[66] *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003).
[67] The Court notes Defendant does not contest the first element, the existence of a valid contract.

in the contract that was breached."[68] The complaint states generally that Texas deeds of trust contain a clause requiring notice but does not allege Plaintiff's own Deed of Trust contains such a clause and that Defendant breached any specific clause of the Deed of Trust.[69]

Finally, Plaintiff's complaint fails to satisfy the fourth element. Plaintiff requests Defendant be found liable for damages, including for Plaintiff's loss of credit in the past and in the future.[70] Texas courts do recognize loss of credit recoverable as actual damages,[71] but to recover for loss of credit "[t]here must be a showing of injury, as well as proof of the amount of that injury."[72] Here, it is undisputed that a foreclosure did not occur, and Plaintiff remains in possession of the property. Plaintiff's speculative allegation regarding the potential loss of credit is insufficient to satisfy the fourth element of a breach of contract claim. For these reasons, Plaintiff's complaint fails to state the necessary elements of a breach of contract claim and, to the extent Plaintiff pleads such claim, it must be **DISMISSED WITH PREJUDICE**.

### C. Texas Property Code Claims

Citing a previous decision by this Court, Defendant argues the Texas Property Code does not create a cause of action under which Plaintiff can state a claim.[73] Moreover, Defendant argues, to the extent Plaintiff pleads a wrongful foreclosure claim, such claim fails because a foreclosure did not occur.[74] Plaintiff's complaint includes a heading titled "Illegal Foreclosure," in which Plaintiff alleges Defendant violated Texas Property Code § 51.002 by failing to provide Plaintiff with adequate notice of the foreclosure sale.[75] Plaintiff further alleges:

---

[68] *Williams v. Wells Fargo Bank, N.A.*, 560 Fed. Appx. 233, 238 (5th Cir. 2014).
[69] Dkt. No. 1-5 p. 5.
[70] *Id.* at p. 8.
[71] *Mead v. Johnson Grp.,* 615 S.W.2d 685, 688 (Tex. 1981).
[72] *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 872 (Tex. App.—Dallas 2008).
[73] Dkt. No. 5 p. 5, ¶ 9 (citing *Cruz*, 2018 WL 689610, at *3).
[74] *Id.* at p. 6 ¶ 10.
[75] Dkt. No. 1-5 pp. 5–7.

Texas law requires that the lender/servicer must send the borrower a notice of default and intent to accelerate by certified mail that provides at least 20 days to cure the default before notice of sale can be given. The notice must be sent to borrower's last known address and must include the amount due and the date it must be paid. Defendant[] did not comply with said requirement pursuant to the Texas Property Code.[76]

Texas Property Code § 51.002(d) provides: "the mortgage servicer of the debt shall serve a debtor in default under a deed of trust . . . on real property used as the debtor's residence with written notice . . . that the debtor is in default . . . and giving the debtor at least 20 days to cure the default before notice of sale can be given."[77] The Court finds Plaintiff's claims under the Texas Property Code meritless.

There is no claim under § 51.002(d) where no foreclosure has taken place.[78] Because Plaintiff's complaint does not indicate a foreclosure sale has taken place, his complaint fails to state a claim under § 51.002(d). Furthermore, courts have found that § 51.002 does not provide *any* independent cause of action because it does not "contain its own enforcement mechanism."[79] Rather, "federal courts have construed claims under section 51.002 to be wrongful foreclosure claims."[80] There can be no wrongful foreclosure when no foreclosure has taken place.[81] Accordingly, Plaintiff's § 51.002 claim fails even if it is construed as a wrongful foreclosure

---

[76] *Id.* at p. 7 (under the heading "Notice of Default and Intent to Accelerate").

[77] Tex. Prop. Code §51.002(d) (West).

[78] *See Suarez v. Ocwen Loan Servicing, LLC*, 2015 WL 7076674, at *3 (W.D. Tex. Nov. 12, 2015) ("Failure to comply with Texas Property Code §§ 51.002 (b) and (d) does not provide Plaintiff with a cause of action prior to an actual foreclosure sale.") (citing *Crucci v. Seterus, Inc.*, 2013 WL 6146040, at *3 (W.D. Tex. Nov. 21, 2013)).

[79] *See e.g.*, *Ashton v. BAC Home Loans Servicing, L.P.*, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013).

[80] *Id.* (citing *Hill v. Wells Fargo Bank, N.A.*, 2012 WL 2065377, at *7–8 (S.D. Tex. June 6, 2012); *Bittinger v. Wells Fargo Bank NA*, 2011 WL 3568206, at *4–5 (S.D. Tex. Aug.15, 2011)).

[81] *Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 406 (5th Cir. 2017) (citing *James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 446 (5th Cir. 2013)) ("A party cannot 'state a viable claim for wrongful foreclosure' if the party 'never lost possession of the Property.'"); s*ee Manriquez v. Wells Fargo Bank,* N.A., No. 7:18-CV-00012, 2018 U.S. Dist. LEXIS 44207, at *5 (S.D. Tex. Mar. 19, 2018); *see also Biggers v. BAC Home Loans Servicing,* LP, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011); *Peoples v. BAC Home Loans Servicing, LP*, 2011 WL 1107211, at *4 (N.D. Tex. Mar. 25, 2011).

claim, because no foreclosure sale occurred.[82] Consequently, Plaintiff's claims based on the

Texas Property Code are **DISMISSED WITH PREJUDICE.**

### D.   RESPA

Defendant argues Plaintiff fails to plead facts sufficient to state a RESPA claim.[83]

Although Plaintiff's complaint does not reference RESPA, the claims brought under the heading

"Pre-Foreclosure Loss Mitigation Review" are clearly in reference to the Consumer Financial

Protection Bureau loss mitigation procedures set forth in 12 C.F.R. §§ 1024.39–1024.41, which

implement RESPA.[84] Plaintiff states: "Under the Federal Consumer Financial Protection Bureau

servicing rules that went into effect January 10, 2014, the mortgage servicer must wait until

Plaintiff[s] are more than 120 days delinquent on payments before making the first official notice

of filing for any nonjudicial or judicial foreclosure."[85] This RESPA provision prohibits servicers

from providing a notice of foreclosure until "[a] borrower's mortgage obligation is more than

120 days delinquent."[86] Moreover, § 1024.41(f) is only enforceable via 12 U.S.C. § 2605(f),

which requires that the plaintiffs suffer actual damages.[87]

Here, Defendant points out that Plaintiff has not provided any evidence he was provided

notice of foreclosure within 120 days of his delinquency, or that he suffered any actual

damages.[88] Indeed, Plaintiff does not offer any evidence of his receiving a notice of foreclosure

---

[82] *Foster*, 848 F.3d at 406.

[83] Dkt. No. 5 p. 11, ¶ 20.

[84] Dkt. No. 1-5 p.5.

[85] *Id.* at p. 5.

[86] 12 C.F.R. § 1024.41(f)(1)(i).

[87] *See e.g.*, *Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 Fed. Appx. 833, 836 (5th Cir. 2014) ("To recover, a claimant must show that actual damages resulted from a RESPA violation."); *Smith v. JPMorgan Chase Bank, N.A.*, 519 Fed. Appx. 861, 864 (5th Cir. 2013) ("[E]ven if they could premise their claim on RESPA, they cannot show any particular damages they suffered from Chase's violation."); *Kareem v. Am. Home Mortg. Servicing, Inc.*, 479 Fed. Appx. 619, 620 (5th Cir. 2012) ("[E]ven if we assume that he did not receive the notice, he does not explain what actual damages he suffered.").

[88] Dkt. No. 5 pp. 11–14, ¶¶ 20–23.

or suffering damages, as the foreclosure never occurred. Thus, Plaintiff's RESPA claim fails and Plaintiff's claims under RESPA are **DISMISSED WITH PREJUDICE**.

### E.   Injunctive Relief

Plaintiff requests a judgment preventing foreclosure of the property.[89] Plaintiff additionally requests a temporary injunction beyond the temporary restraining order granted in state court. To the extent this is intended as a request for injunctive relief, Plaintiff states no cognizable claim. Injunctive relief requires the movant to establish, among other things, that there is a substantial likelihood of success on the merits.[90] Plaintiff has stated no viable cause of action; thus, injunctive relief in not warranted here. Consequently, Plaintiff's request for injunctive relief is **DISMISSED WITH PREJUDICE**.

### III.   HOLDING

For the foregoing reasons, Plaintiff's motion[91] to remand is **DENIED**; Defendant's motion[92] to dismiss is **GRANTED**; and Plaintiff's entire action is **DISMISSED WITH PREJUDICE**. Pursuant to Rule 58, a final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 6th day of December, 2019.

_____
Micaela Alvarez
United States District Judge

---

[89] Dkt. No. 1-5 p. 8.
[90] *See Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011); *Ashton v. BAC Home Loans Servicing*, L.P., 4:13-CV-810, 2013 WL 3807756, at *7 (S.D. Tex. July 19, 2013) (denying motion for temporary injunction as moot after granting the defendant's motion to dismiss).
[91] Dkt. No. 4.
[92] Dkt. No. 5.